Oscar **MUNOZ** and Donaciana Munoz, husband and wife, doing business as La Rosita Bakery, Plaintiffs-Appellants,

v.

**SMALL BUSINESS ADMINISTRATION,** United States of America, Columbia Construction Company, United States Fidelity & Guaranty Company, and Casa Herrera, Inc., Defendants-Appellees,

and

Joe A. Maltos and Lilia V. Maltos, his wife, and the marital community composed thereof; Dale E. LaPierre and Darlene J. LaPierre, his wife, and the marital community composed thereof; and Sunnyside United Farmworkers, Co-Op, Third Party Defendants.

No. 79–4208.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 12, 1981.

Decided May 11, 1981.

Perry J. Robinson, Yakima, Wash., on brief; David Webber, Franklin & Watkins, Seattle, Wash., argued, for plaintiffs-appellants.

Roger K. Garrison, Sunnyside, Wash., on brief; Robert S. Linnell, Sunnyside, Wash., argued, for defendants-appellees.

Before WALLACE and PREGERSON, Circuit Judges, and GRANT,* District Judge.

PREGERSON, Circuit Judge:

Appellants Oscar and Donaciana Munoz appeal the district court's dismissal of their action against the Small Business Administration (SBA), Columbia Construction Co., United States Fidelity & Guaranty Co., and Casa Herrera, Inc. Appellate jurisdiction lies under 28 U.S.C. § 1291. We affirm in part and reverse and remand in part.

## FACTS

Oscar and Donaciana Munoz do business as La Rosita Bakery. In 1971 they obtained a $70,000 loan from the SBA to supply working capital for the bakery and to finance new plant construction and acquisition of new bakery equipment. The loan was evidenced by a promissory note and secured by a mortgage of their property. The Munozes hired Columbia Construction Co. to build the new bakery and Casa Herrera, Inc. to supply and install the bakery equipment. United States Fidelity & Guaranty Co. posted the performance bond for the construction project. In 1973 appellants filed suit in the Eastern District of Washington alleging that Columbia constructed the bakery in a "careless and negligent manner"; that Casa Herrera "furnished inferior machinery and equipment"; and that the SBA failed to or negligently discharged its duty "to inspect the completed construction and installation." In addition, appellants charged that the SBA failed to provide agreed-upon technical and managerial assistance.[1] The Munozes sought $150,000 damages and declaratory relief.

The district court dismissed the action on November 9, 1978, for lack of jurisdiction. As to the SBA, the court held that if the action sounded in tort, the requirements of the Federal Tort Claims Act, 28 U.S.C. § 2675(a), had not been satisfied,[2] and that if the action sounded in contract, jurisdiction was proper only in the Court of Claims since the amount in controversy exceeded $10,000. 28 U.S.C. §§ 1346(a)(2), 1491 (Tucker Act). The court further held that 15 U.S.C. § 634(b)(1) does not provide jurisdiction because Congress could not have intended to enlarge tort and contract jurisdiction over the SBA beyond that already provided in the Tucker Act and Federal Tort Claims Act. Accordingly the SBA was dismissed from the case for lack of jurisdiction.

The district court also dismissed Columbia Construction Co. on the ground that "the Court lacks jurisdiction." Citing *Wham-O-Mfg. Co. v. Paradise Manufacturing Co.*, 327 F.2d 748 (9th Cir. 1964), the court then dismissed United States Fidelity and Casa Herrera on the ground that the case had not progressed to the point of "substantial federal involvement." This appeal followed.

## I

Before addressing the jurisdictional issues we must decide whether the dismissal of the SBA is properly before this court. The district court originally dismissed the SBA in 1974 and entered a judgment of dismissal at that time. Appellants did appeal that ruling, but we dismissed the appeal because "the order appealed from did not adjudicate the claims against all parties, and the district court has not entered a determination under Fed.R.Civ.P. 54(b) ...." *Munoz v.*

---

* The Hon. Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

1. Early in 1973, the third party defendants, as guarantors of the performance bonds, were joined by United States Fidelity & Guaranty Co. They are not included in this appeal.

2. Tort claims against the government must be brought under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80. As a prerequisite to filing suit, a claimant must file an administrative claim with the government. Appellants failed to file such a claim and are thus foreclosed from further remedy under the Act.

*Small Business Administration,* No. 74–2629 (9th Cir. Mar. 14, 1975). In 1978 appellants moved the district court to reconsider the 1974 dismissal. The court declined to reconsider the earlier order and dismissed the remaining defendants as well. The judgment entered November 9, 1978 states: "It is Ordered and Adjudged that the plaintiffs' complaint is dismissed without prejudice as to all parties in this action; and the action is dismissed."

 In the notice of appeal filed January 8, 1979, appellants state that they are appealing from the judgment entered November 9, 1978. The SBA contends that because appellants do not specifically appeal from the 1974 judgment, the SBA dismissal is not now properly before this court.

We disagree. First, the November 9, 1978 judgment states that *all* parties are dismissed. Secondly, the record reflects that the district court intended to dismiss all of the parties at one time to get the entire case before the Ninth Circuit.

Moreover, the rule is well settled that a mistake in designating the judgment appealed from should not result in loss of the appeal as long as the intent to appeal from a specific judgment can be fairly inferred from the notice and the appellee is not misled by the mistake. 9 Moore's Federal Practice ¶ 203.18, at 3–76–77 (2d ed. 1980). Furthermore, an appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment. *Id.* at 3–80. *See also United States v. Walker,* 601 F.2d 1051, 1058 (9th Cir. 1979). Here the SBA was not misled by the alleged mistake since the issue raised by the 1974 judgment has been fully briefed. In addition, the 1978 judgment draws into question the court's denial of the motion for reconsideration of the earlier dismissal of the SBA and therefore the propriety of the 1974 dismissal is properly before this court.

## II

Appellants contend that the district court erred in dismissing their claims against the SBA for lack of subject matter jurisdiction because the court has jurisdiction under 15 U.S.C. § 634(b)(1) in suits against the SBA. Whether the SBA can be sued for more than $10,000 in district court is a question of first impression in the Ninth Circuit.

15 U.S.C. § 634(b)(1) reads as follows: (b) In the performance of, and with respect to, the functions, powers, and duties vested in him by this chapter, the Administrator may—

> (1) sue and be sued in any court of record of a State having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property[.]

 Two circuits have held that section 634(b)(1) extends district court jurisdiction over contract actions against the SBA for money damages in excess of $10,000. *Expedient Services, Inc. v. Weaver,* 614 F.2d 56 (5th Cir. 1980); *Mar v. Kleppe,* 520 F.2d 867 (10th Cir. 1975); *Romeo v. United States,* 462 F.2d 1036 (5th Cir. 1972), *cert. denied,* 410 U.S. 928, 93 S.Ct. 1361, 35 L.Ed.2d 589 (1973). We now join those courts and hold that in actions against the SBA for money damages in excess of $10,000, jurisdiction properly lies in the district court under 15 U.S.C. § 634(b)(1). As the Tenth Circuit correctly emphasized in *Mar v. Kleppe, supra:*

> "It could hardly have been intended by Congress that suits for over $10,000 against the Administrator could be brought in any state court of general jurisdiction, but in the federal jurisdiction only in the Court of Claims . . . ."

520 F.2d at 871, *quoting Ferguson v. Union National Bank,* 126 F.2d 753, 756–57 (4th Cir. 1942). In light of the plain language of section 634(b)(1), we agree that it would be a bizarre result to preclude suits for over $10,000 against the SBA in federal district court when the same suit may be brought in any state court of general jurisdiction.

Moreover, forcing small businesses throughout the nation to file claims against the SBA for more than $10,000 in the Court of Claims in Washington, D. C. is, without doubt, at odds with the considerations prompting the enactment of the Small Business Act, 15 U.S.C. § 631. Congress stated in the Small Business Act's Declaration of Policy:

> Only through full and free competition can free markets, free entry into business, and opportunities for the expression and growth of personal initiative and individual judgment be assured. The preservation and expansion of such competition is basic not only to the economic well-being but to the security of this Nation. Such security and well-being cannot be realized unless the actual and potential capacity of small business is encouraged and developed. It is the declared policy of the Congress that the Government should *aid, counsel, assist, and protect, insofar as is possible, the interests of small-business concerns in order to preserve free competitive enterprise* ... and to maintain and strengthen the over-all economy of the Nation.

15 U.S.C. § 631(a) (emphasis added); *see also Small Business Administration v. McClellan*, 364 U.S. 446, 447, 81 S.Ct. 191, 193, 5 L.Ed.2d 200 (1960). To impose upon small businesses the burdensome expense of pressing their claims in Washington, D. C. when a nearby United States District Court is available to handle the litigation would frustrate Congress's declared policy that the government should counsel, assist, and protect the interests of small business concerns. The dismissal of the SBA for lack of subject matter jurisdiction is reversed.[3]

**3.** *Marcus Garvey Square, Inc. v. Winston Burnett Construction Co.*, 595 F.2d 1126 (9th Cir. 1979), does not require a different result. There the question was whether the district court had jurisdiction over a contract action for money damages in excess of $10,000 against the Secretary of Housing and Urban Development. We held that the Tucker Act applied and the suit belonged in the Court of Claims because the claim exceeded $10,000. Our decision was based on 12 U.S.C. § 1702 which

## III

The district court dismissed Columbia Construction Company because "the Court lacks jurisdiction." Casa Herrera, Inc. and U. S. Fidelity were dismissed on the ground that no substantial federal involvement existed warranting continued federal jurisdiction. Appellants argue that the district court should have retained jurisdiction over these defendants based on (1) diversity jurisdiction, or (2) pendent party jurisdiction.

Diversity jurisdiction requires that the plaintiffs and each defendant be citizens of different states. A corporation is deemed to be a citizen of the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c). Individuals are citizens of their state of domicile. Here appellants are citizens of Washington State. Columbia Construction is incorporated in Washington, which is also the location of Columbia's principal place of business. Casa Herrera is incorporated in California, which is also the location of Casa Herrera's principal place of business. U. S. Fidelity is incorporated in Maryland. Since Columbia and appellants are citizens of Washington, diversity jurisdiction does not exist.

In the alternative, appellants contend that the district court should have exercised pendent party jurisdiction over the defendants. We disagree.

In *Ayala v. United States*, 550 F.2d 1196 (9th Cir. 1977), *cert. dismissed*, 435 U.S. 982, 98 S.Ct. 1635, 56 L.Ed.2d 76 (1978), we indicated our very strong disapproval of pendent party jurisdiction. *See also Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978); *Snow v. Ford Motor Co.*, 561 F.2d

grants the Secretary of Housing and Urban Development the authority "to sue and be sued in any court of competent jurisdiction, State or Federal." Section 634(b)(1) grants similar authority to the Administrator of the SBA. Unlike 12 U.S.C. § 1702, however, section 634(b)(1) does more than grant authority to sue: it expressly confers jurisdiction upon the district court without regard to the amount in controversy.

787 (9th Cir. 1977). In *Snow* we noted that pendent party theory may not be used to circumvent the complete diversity requirement of *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). 561 F.2d at 791 n.6. Such circumvention would occur here if pendent party jurisdiction were available, and we decline to permit this. The district court's dismissal of Columbia Construction Co., Casa Herrera, and U. S. Fidelity is affirmed.

## IV

Columbia contended before the district court that the arbitration clause of the Columbia-Munoz contract required arbitration and that therefore the parties were improperly in court. The district court concluded that it would not rule on the applicability of the arbitration clause since the factual record was too incomplete. Columbia now renews that argument.

 Because the district court did not consider or rule on the applicability of the arbitration clause, it is not before us in this appeal. *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1354 (9th Cir. 1981).

## CONCLUSION

Appellants' notice of appeal is adequate and the dismissal of the SBA is properly before the court. The dismissal of the SBA for lack of subject matter jurisdiction is REVERSED and that part of the case is REMANDED. The dismissal of the other defendants is AFFIRMED.