UNITED PENN BANK, Plaintiff,

v.

U.S.A. SMALL BUSINESS ADMINISTRATION, By and Through its Administrators, Defendant.

Civ. No. 83–1226.

United States District Court, M.D. Pennsylvania.

Sept. 21, 1984.

---

Arthur L. Piccone, Paula F. Garrety, Wilkes-Barre, Pa., for plaintiff.

Barbara L. Kosik, Albert R. Murray, Asst. U.S. Attys., Scranton, Pa., Pamela G. Steele, Trial Atty. Small Business Admin., Washington, D.C., for defendant.

## MEMORANDUM AND ORDER

NEALON, Chief Judge.

Plaintiff filed this action dated August 26, 1983, alleging a breach of contract against the Small Business Administration (SBA) for failure to pay to the plaintiff sums of money due under the terms of a guaranty agreement. Plaintiff seeks damages in excess of ten thousand dollars ($10,000.00). Defendant filed a motion to dismiss or transfer and brief in support thereof dated September 5, 1984, contending jurisdiction properly lies in the United States Claims Court pursuant to 28 U.S.C. § 1631. Plaintiff had previously filed a brief addressing the jurisdiction issue dated May 2, 1984. For the reasons set forth below, the court will deny defendant's motion to dismiss or transfer.

In the complaint, plaintiff alleges jurisdiction under both 28 U.S.C. § 1346 and 15 U.S.C. § 634. Section 1346(a)(2) (the Tucker Act) provides that the United States District Courts have original jurisdiction, concurrent with the United States Claims Court, over any civil action or claim against the United States not exceeding ten thousand dollars ($10,000.00) and not sounding in tort. In actions arising by or against the Small Business Administration, pursuant to § 634(b)(1), jurisdiction is conferred upon the district courts without regard to the amount in controversy.[1] Plaintiff, therefore, contends that jurisdiction properly lies with this court.

It is defendant's assertion, however, that pursuant to the Tucker Act, congressional intent clearly vests the Claims Court with exclusive jurisdiction irrespective of the language existing in 15 U.S.C. § 634. The defendant recognizes that the Fifth, Ninth and Tenth Circuits have recently held that the specific language of § 634 governs over the general language of § 1346(a)(2) and that jurisdiction, therefore, lies with the district court. The Government submits that this analysis is a deviation from the clear intent of the Tucker Act and is not justified in this case.

The Ninth Circuit Court of Appeals in *Munoz v. Small Business Administration,* 644 F.2d 1361 (9th Cir.1981), explained:

> In light of the plain language of section 634(b)(1), we agree that it would be a bizarre result to preclude suits for over $10,000 against the SBA in federal district court when the same suit may be brought in any state court of general jurisdiction.
>
> Moreover, forcing small businesses throughout the nation to file claims against the SBA for more than $10,000 in the Court of Claims in Washington, D.C. is, without doubt, at odds with the consideration prompting the enactment of the Small Business Act, 15 U.S.C. § 631.... To impose upon small businesses the burdensome expense of pressing their claims in Washington, D.C., when a nearby United States District Court is available to handle the litigation would frustrate Congress's declared policy that the government should counsel, assist, and protect the interests of small business concerns.

*Id.* at 1364–65. *See also Expedient Services, Inc. v. Weaver,* 614 F.2d 56, 57 (5th Cir.1980); *Mar v. Kleppe,* 520 F.2d 867, 870 (10th Cir.1975); *Palmer v. Weaver,* 512 F.Supp. 281, 285–86 (E.D.Pa.1981); *Select-*

---

**1.** 15 U.S.C. § 634(b)(1) provides:

(b) In the performance of, and with respect to, the functions, powers and duties vested in him by this chapter, the Administrator may—

(1) sue and be sued in any court of record of a state having general jurisdiction, or in any United States district court, and jurisdiction is conferred upon such district court to determine such controversies without regard to the amount in controversy; but no attachment, injunction, garnishment, or other similar process, mesne or final, shall be issued against the Administrator or his property.

*ed Risks Insurance Co. v. Kobelinski,* 421 F.Supp. 431, 434 (E.D.Pa.1976).

The defendant attempts to distinguish these cases since they were all decided before the enactment of 28 U.S.C. § 173, which provides that the principal office of the Claims Court shall be in the District of Columbia, but "the Claims Court may hold court at such times and in such places as it may fix by rule of court. The times and places of the sessions of the Claims Court shall be prescribed with a view to securing reasonable opportunity to citizens to appear before the Claims Court with as little inconvenience and expense to citizens as is practicable." *Id.* Therefore, the defendant argues, the analysis in *Munoz* that it would frustrate Congressional intent to require small businesses to litigate their claims in Washington, D.C., is no longer applicable. The court disagrees with the defendant's contention. While *Munoz* does state inconvenience to small businesses as one factor they considered, it was clearly not the determinative factor. A careful reading of *Munoz,* and other cases reaching the same conclusion, indicates their decision was reached by considering the clear language of § 634(b)(1) which conferred jurisdiction "upon such district court to determine such controversies without regard to the amount in controversy." 15 U.S.C. § 634(b)(1). Therefore, since plaintiff here is seeking exclusively the type of damages allowed by § 634(b)(1), the court will deny defendant's motion to dismiss or transfer.

An appropriate Order will enter.