UNITED STATES of America,
Plaintiff-Appellee,

v.

Oscar MUNOZ and Donaciana Munoz,
Defendants-Appellants.

Nos. 82–3628, 82–3656.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 1984.

Decided Nov. 9, 1984.

Robert S. Linnell, Asst. U.S. Atty., Yakima, Wash., Marsha Beck, Small Business Adm., Seattle, Wash., for plaintiff-appellee.

Richard C. Smith, Smith, Scott & Mazzola, Yakima, Wash., for defendants-appellants.

Before WRIGHT, SNEED, and ALARCON, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Oscar and Donaciana Munoz appeal from a judgment denying their claim against the United States for damages allegedly caused by the government's negligent inspection of construction that was financed through a Small Business Administration (SBA) loan.

## FACTS

Appellants applied for and received a $70,000 loan from the SBA for the purpose of building a larger bakery and equipping it. The loan conditions included requirements that plans and specifications be approved by the SBA, and that inspection of the construction would be performed as the SBA determined necessary. The SBA inspections were negligently performed and inadequate, and did not reveal the fact that

the building was negligently and defectively constructed.

Appellants sued the SBA and other defendants for damages due to the faulty construction. This court affirmed the dismissal of the tort claim against the SBA because appellants had failed to file an administrative claim under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80. *Munoz v. Small Business Administration,* 644 F.2d 1361, 1363 n. 2 (9th Cir.1981). We remanded the contract claim against the SBA. *Id.* at 1366.

The United States subsequently sued appellants for default on the loan. The district court consolidated that action with the remanded contract suit.

The district court gave judgment for the United States for default on the loan. It denied appellants' cross-claim because the United States had no contractual duty to inspect the construction.

## ANALYSIS

Although the appellants pleaded only a contract cause of action below, they appeal that court's decision based only on a theory of recoupment in tort. Even when the district judge suggested that the FTCA statute of limitations did not prevent recoupment in tort against the government, appellants' counsel insisted that he was proceeding only on a contract theory.

██ We reject appellants' argument that the district court should have granted relief in tort *sua sponte.* Appellants' reliance on *Holt Civic Club v. City of Tuscaloosa,* 439 U.S. 60, 65–66, 99 S.Ct. 383, 387–388, 58 L.Ed.2d 292 (1978) and Federal Rule of Civil Procedure 54(c) is ill-founded. These involve the obligation of the court to grant the appropriate relief or remedy even when it is not properly pleaded. Here, appellants failed to plead the proper substantive grounds for relief.

██ The general rule of this circuit is that the district court will not be reversed on a contention not presented to it, absent exceptional circumstances, significant ques-

tions of general impact, or where injustice might otherwise result. *Krause v. Sacramento Inn,* 479 F.2d 988, 989 (9th Cir.1973) (dictum); *Frommhagen v. Klein,* 456 F.2d 1391, 1395 (9th Cir.1972).

██ Here, there are no exceptional circumstances justifying rejection of the general rule and the court's decision will affect only appellants. A failure to hear the tort claim will not cause injustice. There is no justification for appellants' failure to plead the recoupment defense before the district court. A consideration of whether appellants may recover in recoupment would require another remand. This waste of judicial resources is unjustified.

AFFIRMED.