65 F.3d 174
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Billy Worth FAUSSET, Plaintiff-Appellant,
v.
Franklin MASTERS, Defendant-Appellee.
 No. 94-16847.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Nevada state prisoner Billy Worth Fausset appeals pro se the district court's dismissal, pursuant to 28 U.S.C. Sec. 1915(d), of his 42 U.S.C. Sec. 1983 action, alleging examining psychiatrist Franklin Masters violated his civil rights by failing to make a determination whether or not Fausset was a "menace", which resulted in Fausset being sentenced to a term of imprisonment rather than probation. A prisoner civil rights claim for damages attributable to an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid does not accrue until his sentence or fact of imprisonment has been invalidated. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). Because a judgment in favor of Fausset would necessarily imply the invalidity of his sentence, and because Fausset did not show that his conviction has been invalidated by a state or federal court, the district court properly dismissed his claim for damages. Id.[1]
 
 
 3
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Fausset's motion "for default judgment" is denied. In addition, we decline to consider the numerous issues which Fausset raises for the first time on appeal. See United States v. Munoz, 746 F.2d 1389, 1390 (9th Cir.1984)