97 F.3d 1462
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry L. RAMBERG, Defendant-Appellant.
 No. 95-36063.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 10, 1996.*
Decided Sept. 12, 1996.
 
 Before: FLETCHER, BRUNETTI and JOHN T. NOONAN, Jr., Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry L. Ramberg appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his criminal conviction on double jeopardy grounds. Ramberg contends that his criminal conviction violated the Double Jeopardy Clause since he had already been punished for the same conduct through prior seizure of his personal property; and that the district court erred by concluding he could not raise this issue because of his failure to file a claim in the forfeiture proceedings. These contentions are foreclosed by United States v. Ursery, 116 S.Ct. 2135 (1996). We decline to consider Ramberg's remaining contentions which were not presented to the district court and raised for the first time on appeal. See United States v. Munoz, 746 F.2d 1389, 1390 (9th Cir.1984).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because we affirm the denial of relief under the former version of 28 U.S.C. § 2255, we do not consider whether the Antiterrorism and Effective Death Penalty Act of 1996 applies to this appeal