NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

| | | |
|---|---|---|
| In re: | ) | BAP No.   WW-13-1170-TaKuD |
| | ) | |
| LORETTA J. BROWN, | ) | Bk. No.   10-22724-TWD |
| | ) | |
| Debtor. | ) | Adv. No.   11-01056-TWD |
| _____ | ) | |
| LORETTA J. BROWN; MICHAEL B. | ) | |
| McCARTY, Chapter 7 Trustee, | ) | |
| | ) | |
| Appellants, | ) | |
| | ) | |
| v. | ) | MEMORANDUM* |
| | ) | |
| BANK OF AMERICA, N.A., as | ) | |
| successor by merger to BAC | ) | |
| Home Loans Servicing, LP, | ) | |
| RECONTRUST COMPANY, N.A.; | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| | ) | |
| Appellees. | ) | |
| _____ | ) | |

Argued and Submitted on October 17, 2013
at Seattle, Washington

Filed - December 13, 2013

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Timothy W. Dore, Bankruptcy Judge, Presiding

_____

Appearances:   Richard Llewelyn Jones, Esq. for Appellants
Loretta J. Brown and Michael B. McCarty, Chapter 7
Trustee; Steven Andrew Ellis, Esq. of Goodwin
Procter LLP for Appellees Bank of America, N.A.,
successor by merger to BAC Home Loans Servicing,
LP, ReconTrust Company, N.A., and Mortgage
Electronic Registration Systems, Inc.

_____

*This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

Before: TAYLOR, KURTZ, and DUNN, Bankruptcy Judges.

**INTRODUCTION**

Debtor Loretta Brown ("Debtor") and her chapter 7[1] trustee Michael B. McCarty ("McCarty") seek appellate review of an order denying a motion under Civil Rule 60(b) that the bankruptcy court entered while the appeal from the final judgment in the same adversary proceeding was pending before this Panel.[2] The bankruptcy court correctly found that it lacked jurisdiction to consider the motion, the order thereon is non-appealable, and thus we DISMISS this appeal.

**PROCEDURAL AND FACTUAL BACKGROUND**[3]

Debtor filed a voluntary bankruptcy petition under chapter 7 and soon thereafter filed a complaint initiating adversary proceeding 11-01056 ("Adversary Proceeding") against multiple defendants ("Defendants") seeking a temporary restraining order and permanent injunction, quiet title, and damages under various legal theories, including wrongful foreclosure, the Consumer Protection Act ("CPA"), the Fair Debt Collection Practices Act ("FDCPA"), and malicious prosecution. Debtor and McCarty,

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] The notice of appeal in related BAP No. 12-1534 was filed October 18, 2012. BAP No. 12-1534 was argued before this Panel on October 17, 2013, along with this appeal.

[3] A fuller version of the procedural and factual background is contained in the Memorandum disposition of BAP No. 12-1534. We present here only those facts directly relevant to the disposition of this appeal.

together, subsequently filed an amended complaint that substantially mirrored the initially filed complaint.[4]  In general, Debtor and McCarty (hereafter "Appellants") alleged that Defendants violated the CPA by promulgating, recording and relying on documents they should have known were false, including an assignment of deed of trust executed by Mortgage Electronic Registration Systems, Inc. ("MERS"), an appointment of successor trustee, and a notice of default.

Defendants brought a motion to dismiss the first amended complaint pursuant to Civil Rule 12(b)(6) ("First Dismissal Motion").  The bankruptcy court granted the First Dismissal Motion by order entered on January 10, 2012 ("January 10, 2012 Order").[5]  The bankruptcy court dismissed the wrongful foreclosure claim with prejudice to the extent that it sought monetary damages or a permanent injunction against the defendants.  It dismissed all remaining claims without prejudice.

Appellants filed a second amended complaint, which the bankruptcy court ultimately resolved in favor of the Defendants in its order entered October 2, 2012 ("Final Judgment"), which is

---

[4]  As in the initially filed complaint, the caption in the first amended complaint lists not only the claims contained therein but also breach of contract, libel/defamation of title, and violation of the Real Estate Settlement Procedures Act, U.S.C. § 2601, none of which are contained in the first amended complaint.

[5]  The bankruptcy court stated its reasons for granting the First Dismissal Motion orally on the record on December 22, 2011. During its oral ruling, the bankruptcy court stated that the Appellants withdrew their claim for malicious prosecution, requiring the bankruptcy court to rule only as to the remaining four causes of action.

the subject of BAP No. 12-1534.[6] Appellants filed their notice of appeal from the Final Judgment on October 18, 2012 and included as an issue on appeal the bankruptcy court's dismissal of Appellants' wrongful foreclosure claim.[7]

On March 8, 2013 and without obtaining remand from the BAP, Appellants filed a motion with the bankruptcy court seeking relief under Civil Rule 60(b)(6) from the bankruptcy court's January 10, 2012 Order (on the First Dismissal Motion). On March 29, 2013, the bankruptcy court held a hearing and docketed its order denying the Appellants' motion ("March 29, 2013 Order"). On the record, the bankruptcy court stated that it had previously disposed of all the claims in the Adversary Proceeding and all claims were on appeal – the bankruptcy court found that it was not appropriate for it to deal with the issues raised by Appellants in their Civil Rule 60(b)(6) motion. Appellants filed a notice of appeal on April 5, 2013.

## DISCUSSION

The filing of a notice of appeal divests the trial court of jurisdiction. Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986) (citations omitted). The Ninth Circuit has held,

[6] The bankruptcy court dismissed all claims asserted in the second amended complaint against MERS and all but the FDCPA claims against the other two Defendants in response to Defendants' second motion under Civil Rule 12(b)(6). In the Final Judgment, the bankruptcy court granted summary judgment to Defendants on the FDCPA Claims and denied the Appellants' motion under Civil Rule 60(b) that sought review of the bankruptcy court's order entered April 6, 2012 in favor of Defendants on the second motion under Civil Rule 12(b)(6).

[7] The notice of appeal from the Final Judgment incorporated all earlier non-final orders and all rulings which produced the judgment. See Munoz v. Small Bus. Admin., 644 F.2d 1361, 1364 (9th Cir. 1981).

- 4 -

as a result, that "where the underlying judgment has been appealed, denial of a motion for relief from that judgment is a nonappealable order." Id. (citing Los Angeles Memorial Coliseum Comm' n v. NFL, 726 F.2d 1381, 1386 n.2 (9th Cir.), cert. denied, 469 U.S. 990 (1984)).

Once an appeal has been taken, the proper procedure is to "ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the appellate] court, if appropriate, for remand of the case." Id. (citation omitted). Appellants sought relief from the January 10, 2012 Order without complying with the rule set forth in Gould. And even if we construe the March 29, 2013 Order as a denial of the Appellant's request to "entertain" the motion for review, that denial is interlocutory in nature and not appealable. See Defenders of Wildlife v. Bernal, 204 F.3d 920, 930 (9th Cir. 1999); and Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir. 1984).

Here, the bankruptcy court was divested of jurisdiction over the Adversary Proceeding when Appellants appealed from the Final Judgment.[8] As a result, its order denying the Civil Rule 60(b)(6) motion is nonappealable.

### CONCLUSION

Based on the foregoing, we DISMISS this appeal.

---

[8] We acknowledge that the docket does not reflect compliance with Civil Rule 58, as the Final Judgment was not contained in a separate document. However, any concerns this may have created were resolved upon the passage of 150 days from the date of entry of the Final Judgment. See Civil Rule 58(c)(2)(B).

- 5 -