
**Filed**
Supreme Court of Guam, Clerk of Court

# IN THE SUPREME COURT OF GUAM


**FLORENCIO HARPER,**
Plaintiff-Counter Defendant-Appellee/Cross-Appellant,

**v.**

**WON SUN P. MIN, PACIFIC K&C CORPORATION,**
Defendants-Counterclaimants-Appellants/Cross-Appellees,

**and**

**ZHONG YE, INC. (GUAM),**
Defendant-Appellee.

_____

**WON SUN P. MIN and PACIFIC K&C CORPORATION,**
Third Party Plaintiffs-Appellants/Cross-Appellees,

**v.**

**ZHONG YE, INC. (GUAM),**
Third Party Defendant-Appellee/Cross-Appellee.


Supreme Court Case No.: CVA19-011
Superior Court Case No.: CV0041-16


**OPINION**


**Cite as: 2021 Guam 11**


Appeal from the Superior Court of Guam
Argued and submitted on January 26, 2021
Via Zoom video conference

**E-Received**
9/24/2021 1:01:51 PM

Appearing for Defendants-Counterclaimants-Third Party Plaintiffs-Appellants/Cross-Appellees Won Sun P. Min and Pacific K&C Corporation:
Curtis C. Van de veld, *Esq.*
The Vandeveld Law Offices, P.C.
123 Hernan Cortes Ave.
Hagåtña, GU 96910

Appearing for Plaintiff-Counter Defendant-Appellee/Cross-Appellant Florencio Harper:
Thomas McKee Tarpley, *Esq.*
Thomas McKee Tarpley Law Firm
A Professional Corporation
137 Murray Blvd., Ste. 202
Hagåtña, GU 96910

Appearing for Defendant-Third Party Defendant-Appellee/Cross-Appellee Zhong Ye, Inc. (Guam):
Bill R. Mann, *Esq.*
Berman, O'Connor & Mann
Bank of Guam Bldg.
111 Chalan Santo Papa, Ste. 503
Hagåtña, GU 96910

BEFORE: F. PHILIP CARBULLIDO, Chief Justice; ROBERT J. TORRES, Associate Justice; and KATHERINE A. MARAMAN, Associate Justice.

**TORRES, J.:**

[1]      This case arises from a fraudulent conveyance of real property.  The trial court found that Won Sun P. Min ("Min"), acting as an agent of Pacific K&C Corporation ("Pacific K&C") and as a sub-agent of Zhong Ye, Inc. (Guam) ("Zhong Ye"), sold a condominium unit to Florencio Harper even though Min knew the property was legally unmarketable.  Min and Pacific K&C raise two issues on appeal: first, whether the trial court erred in not requiring Zhong Ye to indemnify Min and Pacific K&C, and second, whether the trial court erred in imposing alternative liability instead of joint and several liability.  We do not reach the merits of these issues, however, because Min and Pacific K&C forfeited their challenges to both.  Harper raises two additional issues on cross-appeal, but we do not reach these issues either because they have become moot in light of a settlement between the parties.  We therefore affirm the trial court's judgment.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

[2]      Zhong Ye and Pacific K&C entered into contractual agreements involving condominium units owned by Zhong Ye at Goring Villa Estates in Yigo.  The agreement relevant here allowed Pacific K&C to either purchase the condominium units for itself or to act as Zhong Ye's agent in selling these units to third-party purchasers.  Under this agreement, Zhong Ye held and retained title to each unit until after a sale was completed.

[3]      Later, Won Sun P. Min—Pacific K&C's principal and part-owner—sought bank financing for Pacific K&C's prospective purchase of Goring Villa Estates units.  During this process, Min discovered Goring Villa Estates' horizontal property regime suffered from a critical

defect that rendered the units unmarketable. Min then recorded a *lis pendens* on all Goring Villa Estates units, stating that Min and Pacific K&C could not provide buyers with marketable title to Goring Villa Estates units until the horizontal property regime defect was fixed.

[4]     Despite Min's knowledge of the horizontal property regime defect and the *lis pendens*, Min sold Goring Villa Estates Unit 20 to Harper. The purchase agreement executed by Harper and Min listed Pacific K&C as the seller of the property and made no mention of the Goring Villa Estates horizontal property regime defect. Harper then made four down payments to Min totaling $69,000.00, but Min never provided Harper with the deed for Unit 20. Harper later learned Zhong Ye, not Pacific K&C, was the true owner of Unit 20 at the time of the sale. Harper also discovered that Unit 20 was unmarketable because of the horizontal property regime defect. Consequently, Harper demanded Min rescind the sale and return his deposit money, but Min did not comply.

[5]     Harper then commenced litigation in the Superior Court of Guam, alleging fraud in the inducement and violations of Guam's Deceptive Trade Practices – Consumer Protection Act by defendants Min, Pacific K&C, Zhong Ye, and Edge Realty, Inc.[1] Min and Pacific K&C counterclaimed against Harper for defamation and filed a third-party complaint against Zhong Ye for fraud, breach of contract to deliver marketable title, and breach of delivery of marketable title. Min and Pacific K&C also demanded to be indemnified by Zhong Ye for Harper's claims. Zhong Ye in turn counterclaimed against Min and Pacific K&C, also seeking indemnification.

[6]     Following a bench trial, the trial court issued its Findings of Fact and Conclusions of Law. The trial court found in Harper's favor on all claims and awarded him compensatory damages for $69,000.00, plus prejudgment interest, attorney's fees, and court costs. The trial court found a principal-agent relationship between Zhong Ye and Pacific K&C, respectively, and

---

[1] Harper dismissed his claims against Edge Realty shortly after filing his Complaint.

an agent-subagent relationship between Pacific K&C and Min, respectively. The trial court therefore concluded, as a matter of agency law, that Pacific K&C, Min, and Zhong Ye shared responsibility for Harper's damages. However, the trial court ordered Harper to elect just one defendant from whom to recover his damages. Harper elected to recover all of his damages from Min.

[7]     Min and Pacific K&C timely appealed, and Harper timely cross-appealed. After this matter was argued and submitted, Harper filed with this court a Suggestion of Mootness of Cross-Appeal to indicate the issues he raised on cross-appeal had been resolved by settlement.

## II.  JURISDICTION

[8]     We have jurisdiction over an appeal from a final judgment of the Superior Court of Guam. 48 U.S.C.A. § 1424-1(a)(2) (Westlaw through Pub. L. 117-39 (2021)); 7 GCA §§ 3107, 3108(a) (2005).

## III.  STANDARD OF REVIEW

[9]     "We review questions of law *de novo*." *M Elec. Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2020 Guam 23 ¶ 8 (citing *Unified Interest v. PacAir Props., Inc.*, 2017 Guam 9 ¶ 24). We review the trial court's findings of fact for clear error. *Id.* (citing *Fargo Pac., Inc. v. Korando Corp.*, 2006 Guam 22 ¶ 21).

## IV.  ANALYSIS

### A.  We Decline to Review the Trial Court's Indemnification Rulings Because Min and Pacific K&C Failed to Properly Challenge the Trial Court's Rationale

[10]     Min and Pacific K&C argue the trial court erred when it did not require Zhong Ye, as a principal, to indemnify Min and Pacific K&C, as its agents. Appellants' Br. at 27-31 (Jan. 15, 2020). Min and Pacific K&C rely primarily on a California Court of Appeals decision, *Fidelity Mortgage Trustee Service, Inc. v. Ridgegate East Homeowners Ass'n*, 32 Cal. Rptr. 2d 521 (Ct.

App. 1994), which explains that "[a]s a general rule, an agent is entitled to indemnification by its principal for losses incurred by the agent in the execution of the agency." Appellant's Br. at 29 (quoting *Fid. Mortg.*, 32 Cal. Rptr. 2d at 525). We do not dispute this general rule, but we consider it irrelevant in this context. The trial court did not deny Min and Pacific K&C's indemnification claims because it misconstrued the law governing principal-agent indemnification; it denied the claims on separate factual bases.

[11] The trial court ruled the settlement agreement between Pacific K&C and Zhong Ye in a related litigation, Superior Court Case No. CV0739-14, collaterally estopped Pacific K&C from claiming indemnification:

> In the settlement agreement [for CV0739-14], the auditor was tasked to review "the management, selling, and the rentals of the units and expenses for maintaining, repairing, and renovating the 35 units performed by" [Pacific K&C]. Also "All Existing and expired lease contracts and sales contracts are to be provided to the auditor." Based on this language, it appears that if [Pacific K&C] suffered any losses, expenses or charges due to Zhong Ye's failure to deliver on the warranty, such information should have provided [sic] to the auditor. As to [Pacific K&C], the issue here is sufficiently similar from that settled by [Pacific K&C] and Zhong Ye in CV0739-14 so as to be collaterally estopped.

Record on Appeal ("RA"), tab 86 at 9-10 (Dec. & Order re: Zhong Ye's Mots. Summ. J., July 13, 2018); *see also* RA, tab 116 at 21 (Finds. Fact & Concl. L., Mar. 13, 2019). The trial court also ruled that Min, in her personal capacity, was not entitled to indemnification by Zhong Ye because she was not a party to the July 2011 contract between Zhong Ye and Pacific K&C. RA, tab 116 at 18, 21 (Finds. Fact & Concl. L.).

[12] Min and Pacific K&C's briefing does not discuss—and thus does not ask this court to review—either of these foundational rulings. Min and Pacific K&C's briefing does not allege the trial court's collateral estoppel or non-party status findings were factually erroneous, *see* Appellants' Br. at 27 ("Appellants do not present any issue of factual error . . . ."), and we cannot

review for factual error *sua sponte* because Min and Pacific K&C did not order transcripts of any proceedings below. Min and Pacific K&C have also failed to properly challenge the trial court's legal conclusion, as they offer no authority suggesting that the rule explained in *Fidelity Mortgage* legally supersedes the findings of collateral estoppel or non-party status. *See* Appellants' Br. at 27-34. Because we are unaware of any relevant facts or law which would cast doubt on the trial court's indemnification rulings, we hold the issue to be functionally unreviewable on appeal.

[13] The Guam Rules of Appellate Procedure require arguments in an appellant's brief to contain citations to the appropriate legal authority and record. Guam R. App. P. 13(a)(9)(A) ("GRAP 13"). Here, Min and Pacific K&C have failed to cite the appropriate portions of the record explaining why the trial court denied indemnification and have failed to cite appropriate legal authority explaining why the trial court's denial of indemnification on the grounds of collateral estoppel and non-party status was erroneous. Min and Pacific K&C's briefing of this issue is therefore inadequate under GRAP 13. We treat a failure to comply with GRAP 13 as a waiver of the issue on appeal. *See, e.g.*, *Macris v. Richardson*, 2010 Guam 6 ¶ 9. While we may exercise discretion to reach inadequately briefed issues, we typically do so only in compelling circumstances. *See id.* ¶¶ 11-13 (affirming availability of discretionary review to resolve issues impacting substantial public interests or to prevent "manifest injustice"). By contrast, the issue of indemnification here does not appear to impact substantial public interests, and the facts of the case do not persuade us that manifest injustice would occur without our setting aside the waiver. We therefore decline to review this issue.[2]

---

[2] Even if we had reached the merits of this claim, *Fidelity Mortgage* appears to offer a dubious benefit to Min and Pacific K&C. Under *Fidelity Mortgage*, a principal's duty to indemnify extends only to an agent "who is not barred by the illegality of [her or] his conduct." 32 Cal. Rptr. 2d at 526 (alteration in original) (quoting Restatement (Second) of Agency § 439 (Am. Law Inst. 1958)); *accord Gaines v. Walker*, 986 F.2d 1438, 1442 (D.C.

**B. We Decline to Review the Imposition of Alternative Liability Because Min and Pacific K&C Failed to Preserve the Issue for Appeal**

[14]    Min and Pacific K&C contend the trial court erred when it allowed Harper to recover all of his damages from Min rather than apportion fault among the defendants. Appellants' Br. at 33. We construe Min and Pacific K&C's argument as a challenge to the trial court's application of the "alternative liability" rule, instead of joint and several liability. In response, Zhong Ye claims Min and Pacific K&C failed to preserve this issue for appeal, since "at no time either before, during or after trial did Min make such a request [to impose joint and several liability] to the trial court." Appellee Zhong Ye's Br. at 11 (Feb. 14, 2020). We agree; Min and Pacific K&C did not properly preserve the issue.

[15]    To preserve an issue for appeal, "the challenging party must have clearly stated to the trial court the matter to which the party objects and the grounds for that objection." *Guam Top Builders, Inc. v. Tanota Partners*, 2012 Guam 12 ¶ 34 (quoting *Fenwick v. Watabe Guam, Inc.*, 2009 Guam 1 ¶ 10); *see also* Guam R. App. P. 13(a)(9)(C). Min and Pacific K&C appear to assert that their objection to alternative liability was preserved "by trial of the issue to the trial court below through Third-Party Plaintiffs Complaint, Third Cause of Action, Indemnification, and the rulings of the trial court at 'II. Min's Third Party Claims Against Zhong Ye, A. Min's Claim for indemnification.'" *See* Appellants' Br. at 27, 32 (emphasis omitted) (first citing RA, tab 14 at 15 (Answer to Compl., Countercl. & Third Party Compl., Feb. 29, 2016); and then citing RA, tab 116 at 18-19 (Finds. Fact & Concl. L.)). We disagree that either Min and Pacific K&C's Third Party Complaint or "the rulings of the trial court" served as a clear statement of objection to alternative liability.

---

Cir. 1993) ("[T]he oft-repeated rule is that a principal is ordinarily not obliged to indemnify an agent for the agent's own tortious conduct."). As this appeal proceeds from a finding that Min committed the intentional tort of fraud in the inducement, the cited sections of *Fidelity Mortgage* do not appear to strengthen Min's position.

**[16]**     The Third Party Complaint does not "clearly state" an objection to alternative liability; the document neither discusses alternative liability nor states an objection to anything else. *See* RA, tab 14 at 10 (Answer to Compl., Countercl. & Third Party Compl.). Furthermore, based on our review of the record, it appears the issue of alternative liability did not arise in the litigation until Harper raised the issue in his trial brief filed in late 2018. *See* RA, tab 92 at 6-7 (Pl.'s Trial Br., Nov. 7, 2018). But Min and Pacific K&C's Third Party Complaint was filed in early 2016, almost three years earlier. We cannot construe the Third Party Complaint as an "objection" to an issue that did not yet exist.

**[17]**     Similarly, the trial court's indemnification rulings do not "clearly state" that Min and Pacific K&C objected to the imposition of alternative liability. Nothing in the post-trial Findings of Fact and Conclusions of Law, and nothing in the trial court's July 2018 Decision and Order discussing indemnification, states or implies that Min and Pacific K&C ever raised such an objection prior to judgment. And we cannot review the proceedings below to independently search for an uncited objection in open court because, as noted previously, Min and Pacific K&C elected not to order transcripts of the proceedings below. *See Lamb v. Hoffman*, 2008 Guam 2 ¶ 57 (where resolution of issue "depends upon evidence that could have been gleaned from the transcripts," but transcripts were not provided, dismissal of issue on merits may be warranted).

**[18]**     Because nothing in the record shows that Min and Pacific K&C objected to alternative liability in the proceedings below, we are not inclined to address the issue for the first time on appeal. *See, e.g.*, *Dumaliang v. Silan*, 2000 Guam 24 ¶ 12 ("As a general rule, this court will not address arguments raised for the first time on appeal."). We have discretion to review issues raised for the first time on appeal "(1) when review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process; (2) when a change in law raises a new

issue while an appeal is pending; and (3) when the issue is purely one of law." *Tanaguchi-Ruth + Assocs. v. MDI Guam Corp.*, 2005 Guam 7 ¶ 80 (quoting *Dumaliang*, 2000 Guam 24 ¶ 12 n.1). While the third exception could permit this court to proceed, we reserve our exercise of discretion "for extraordinary circumstances where review is necessary to address a miscarriage of justice or clarify significant issues of law." *Id.* ¶ 82 (citing *United States v. Munoz*, 746 F.2d 1389, 1390 (9th Cir. 1984)). In considering whether extraordinary circumstances are present, we look to whether there was an "extraordinary reason evident" for the failure to raise the issue below. *Id.* We see no extraordinary reason why Min and Pacific K&C did not object to the imposition of alternative liability in the trial court, and we therefore decline to exercise our discretion to reach this issue.

## C. Harper's Cross-appeal Is Moot

[19]    Harper initially raised two issues on cross-appeal: whether punitive damages were available, and whether post-judgment attorney's fees and court costs were warranted. Appellee Harper's Br. at 5, 8 (Feb. 6, 2020). However, after this matter was argued and submitted, Harper notified the court that the parties had settled both issues. *See* Suggestion of Mootness of Cross-Appeal (Mar. 24, 2021). Because of this settlement, Harper's cross-appeal is moot. As "[a]n appellate court lacks jurisdiction to resolve issues that have become moot by intervening events," *Taitano v. Lujan*, 2005 Guam 26 ¶ 27, this opinion does not reach the cross-appealed issues.

//

//

//

//

//

## V.  CONCLUSION

**[20]**     The issues raised by Min and Pacific K&C were not properly preserved for appeal, and the issues raised by Harper have been mooted by the parties' settlement agreement.   We therefore **AFFIRM** the judgment of the trial court.


| /s/ | /s/ |
|---|---|
| ROBERT J. TORRES | KATHERINE A. MARAMAN |
| Associate Justice | Associate Justice |


/s/
F. PHILIP CARBULLIDO
Chief Justice