**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC, | No.  23-15576 |
| Plaintiff-Appellant, | D.C. No. 4:19-cv-04243-YGR |
| v. | |
| ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation, | MEMORANDUM[*] |
| Defendants-Appellees. | |

| | |
|---|---|
| MARTIFER-SILVERADO FUND I, LLC, | No.  23-15659 |
| Plaintiff-Appellee, | D.C. No. 4:19-cv-04243-YGR |
| v. | |
| ZHONGLI SCIENCE AND TECHNOLOGY GROUP CO., LTD., a Chinese corporation; SUZHOU TALESUN SOLAR TECHNOLOGY CO., LTD., a Chinese corporation, | |
| Defendants-Appellants. | |

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Yvonne Gonzalez Rogers, District Judge, Presiding

Argued and Submitted November 21, 2024
San Jose, California

Before: FRIEDLAND and BUMATAY, Circuit Judges, and KENNELLY,[**] District Judge.

Plaintiff Martifer-Silverado Fund I, LLC ("MS Fund") appeals the district court's grant of summary judgment and partial grant of judgment on the pleadings. Defendants Zhongli Science and Technology Group Co., Ltd. and Suzhou Talesun Solar Technology Co., Ltd. cross-appeal from the district court's partial denial of judgment on the pleadings. We have jurisdiction under 28 U.S.C. § 1291. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501 (2015); *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1364 (9th Cir. 1981) ("[A]n appeal from the final judgment draws in question all earlier non-final orders and all rulings which produced the judgment.").[1]

1.    MS Fund alleges that Defendants misrepresented the authority of their subsidiary, Talesun USA, to enter agreements with MS Fund and to perform its

---

[**]    The Honorable Matthew F. Kennelly, United States District Judge for the Northern District of Illinois, sitting by designation.

[1] Defendants' cross-appeal was unnecessary because it "advances only alternative arguments in support of the judgment." *Spencer v. Peters*, 857 F.3d 789, 797 n.3 (9th Cir. 2017). We therefore "treat Defendants' arguments on cross-appeal as alternative arguments to affirm the judgment." *Id.*

obligations under those agreements. MS Fund's claims arising from those alleged misrepresentations are time-barred by the three-year statute of limitations. Cal. Civ. Proc. Code § 338(d). MS Fund has waived its argument that it was not on inquiry notice as to the misrepresentations because, as MS Fund concedes, it did not raise that argument to the district court. "As a general rule, we will not consider arguments that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). There is no reason to depart from that rule here.

2.      MS Fund's claims arising from the misrepresentations regarding Eric Ma's authority to form agreements on behalf of Talesun USA are similarly time-barred. The limitations period "commences to run after one has knowledge of facts sufficient to make a reasonably prudent person suspicious of fraud, thus putting him on inquiry." *Cleveland v. Internet Specialties W., Inc.*, 171 Cal. App. 4th 24, 31 (Cal. Ct. App. 2009) (internal quotation marks omitted).

The undisputed evidence includes a series of events and conversations that would put a reasonably prudent entity in MS Fund's position on notice regarding issues with Ma's authority. Although MS Fund argues that Christian Wiedemann's email sent on December 21, 2012, was dubious and equivocal, that email stated that according to Talesun's chairman, "Eric [Ma] 'did not have the authority' to pursue the Silverado transaction." MS Fund argues that subsequent

3

events, such as the formation of the December 31 Standstill Agreement, vitiated any potential notice that the Wiedemann email may have established. But MS Fund received no further payments from Defendants or Talesun USA after the Wiedemann email, and by January 10, 2013, MS Fund was aware that Talesun USA had breached both the initial agreement and the Standstill Agreement. Against this landscape of continuous breaches, there is no basis for the proposition that later events vitiated the notice that MS Fund gained from the Wiedemann email. Rather, the Wiedemann email, immediately followed by multiple breaches, would have made a "reasonably prudent person suspicious" of Ma's authority. *Id.*

No reasonable jury could find that MS Fund lacked notice of the problems with Ma's authority by January 2013. Consequently, MS Fund's claims, filed in July 2019, are time-barred.

**AFFIRMED.**

4