348 B.R. 6 (2006)
In re Gary R. McCray and Cynthia D. McCray, Debtors.
The Community C.U. of New Milford, nka Kimberly Clark ECU, Inc., Plaintiff,
v.
Gary R. McCray and Cynthia D. McCray, Defendants.
Bankruptcy No. 02-50876, Adversary No. 02-05074.
United States Bankruptcy Court, D. Connecticut.
July 24, 2006.
*7 Robert C. Lubus, Jr., Esq., Grady and Riley, Waterbury, CT, for the plaintiff.
Douglas J. Lewis, Esq., Evans and Lewis, Bethel, CT, for the defendants.

MEMORANDUM AND ORDER
ALAN H.W. SHIFF, Bankruptcy Judge.
The plaintiff seeks a determination that a debt allegedly owed to it by the defendants is nondischargeable under 11 U.S.C. § 523(a)(2)(B). For the reasons that follow, judgment shall enter in favor of the plaintiff.

BACKGROUND
The plaintiff contends that the defendants submitted an application for a car loan which contained deceptive and materially false statements upon which it relied. See Complaint, Count II.[1] The defendants have admitted that on or about May 12, 2000, they submitted a written loan application. See plaintiff's Exh 1; see also Count II, ¶ 3 and corresponding answer. The defendants also have admitted that the plaintiff loaned them $20,585.56 to be paid in monthly installments of $510.42, including accrued interest at the rate of 8.75 percent per year. Count II ¶ 4 and corresponding answer.
The loan application provided a space for the defendants to disclose any outstanding judgments. Id.; see also Tr. p. 13. The defendants left that space blank. Tr. p. 13. Schedule B of the defendants' June 28, 2002 bankruptcy petition, however, *8 stated that there were pending judgments against them as of the time they submitted their application, to wit: a judgment lien in favor of New Milford Orthopedic Associates, dated August 21, 1996 in the amount of $735.20; a judgment lien in favor of Sears, Roebuck & Co., dated June 14, 1999 in the amount of $2,186.69; a judgment lien in favor of Moots, Pelligrini, Spillane & Mannion, P.C., dated March 28, 2000, in the amount of $3,570.64; and a judgment lien in favor of Danbury Internal Medical Association, dated April 28, 2000 in the amount of $358.00. See plaintiff's Exh 2, Schedule B.
At trial, Jessica Keizer, plaintiff's manager and chief executive officer, testified as to the factors upon which the plaintiff relies when considering a loan application, including whether an applicant has any outstanding judgments. Tr. at pp. 13-14. She testified that at the time the defendants' loan application was considered, the plaintiff was not aware of any of the judgments listed on Schedule B. Tr at p. 10-11. She further testified that the plaintiff would not have approved the loan application if it had known about the outstanding judgments. Id. at p. 14.
On June 1, 2004, the plaintiff served requests for admissions by the defendants. See Fed.R.Civ.P. 36, made applicable by Bankr.R. 7036.[2] Specifically, the plaintiff requested that the defendants either admit or deny that "the statement that the [defendants] had no judgments outstanding against them on May 12, 2000 was an intentional and knowing misstatement of facts as to the defendants' financial condition." Tr at p. 25; see also plaintiffs Exh 5, ¶ 23. The defendants did not respond. Tr at p. 17. Accordingly, at trial, the court granted the plaintiff's motion that the defendants admitted that they intentionally and knowingly misstated facts as to their financial condition. See id.[3]
The plaintiff produced an affidavit of debt, quantifying the amount of the adjustments to the initial $20,585.56 loan. See plaintiff's Exh 4 at ¶¶ 2-8. As disclosed by that document, the adjusted debt, after subtracting the net proceeds from the sale of the repossessed vehicle, the collateral for the loan, and adding interest and attorneys' fees was $21,078.75. See id. at ¶¶ 2-8.
The defendants neglected to timely file witness or exhibit lists, pursuant to the May 10, 2006 Fourth Amended Pretrial Order. See ¶ 4; see also Tr at p. 35. Hence, the defendants could not and indeed did not make any effort to offer any witnesses or exhibits of their own at trial. Id. Moreover, the defendants' attorney did not cross examine the plaintiff's witness on the reasonableness of the amount of the alleged debt.

DISCUSSION
Code section 523(a)(2)(B) provides in relevant part:
(a) A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt (2) for money . . . to the extent obtained by (B) use of a statement in writing
(i) that is materially false;
(ii) respecting the debtor's . . . financial condition;
(iii) on which the creditor to whom the debtor is liable for such money . . . reasonably relied; and,

*9 (iv) that the debtor caused to be made or published with intent to deceive.
A creditor seeking a determination of nondischargeability must prove "each element of the statute by a preponderance of the evidence." AT & T Universal Card Servs. Corp. v. Williams (In re Williams), 214 B.R. 433, 435 (Bankr.D.Conn.1997) (citing Grogan v. Garner, 498 U.S. 279, 287, 111 S.Ct. 654, 659-60, 112 L.Ed.2d 755 (1991)). As noted, the plaintiff has established that it lent money to the defendants on the basis of a written loan application which was materially false. See supra pp. 7-8. The plaintiff offered evidence that it reasonably relied on that materially false loan application to its detriment. That assertion was not challenged. The final element for a determination of non-dischargeability under § 523(a)(2)(B) is the intent to deceive. Such intent may be inferred from the surrounding circumstances. In re Graham, 11 B.R. 701, 703 (Bankr.D.Conn. 1981). Here, the loan application sought a disclosure regarding any judgments against the defendants. As noted, the defendants fraudulently failed to disclose the existence of the judgment liens they acknowledged on their Schedule B. See supra at 7. Moreover, the defendants have been deemed to have admitted that they intentionally deceived the plaintiff. See supra at 8. Therefore, the court concludes that the false financial statement submitted by the defendants was intended to deceive the plaintiff. See In re Graham, 11 B.R. 701, 704 (Bankr.D.Conn.1981) (citing In re Rickey, 8 B.R. 860, 863 (Bankr. M.D.Fla.1981)).
Accordingly, the debt in the amount of $21,078.75, owed by the defendants to the plaintiff is nondischargeable, and
IT IS SO ORDERED.
NOTES
[1] Count I was withdrawn. See Tr May 23, 2006, p. 3.
[2] See note 3.
[3] Rule 36 provides that "A party may serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1). . . . The matter is admitted unless, within 30 days after service of the request, . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter."