In re Larry W. SISLER and Deborah S. Sisler, Debtors.

No. 11–50597.

United States Bankruptcy Court, W.D. Virginia, Harrisonburg Division.

Jan. 31, 2012.

Daniel M. Press, Chung and Press, PC, McLean, VA, for Debtors.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

The matter before the Court for decision is the Debtors' motion for confirmation of their Chapter 13 plan. The Trustee has objected to confirmation on the basis that the Debtors' plan does not provide for all of the Debtors' projected disposable income to be paid to the Debtors' unsecured creditors.[1] The only issue in contention is whether the $688 expense listed on line 27A of the Debtors' Form B 22C is proper.[2]

### Facts

The Debtors filed their Chapter 13 petition and their proposed plan on April 20, 2011. The Debtors own three vehicles—a 2005 Kia Sorrento, a 2008 Toyota Yaris, and a 2004 Ford pickup truck.[3] Included with the Debtors' petition was a completed Form B 22C. On Line 27A of Form B 22C the Debtors checked the box indicating that they pay the operating expenses for "2 or more" vehicles and listed an expense of $688. The Debtors claimed no additional public transportation expense on Line 27B. On Line 28, the Debtors checked the box indicating that they pay ownership expenses for "2 or more" vehicles and listed an expense of $335.27.[4] On Line 29, the Debtors again checked the box indicating that they pay ownership expenses for "2 or more" vehicles and listed an expense of $276.67.[5]

The confirmation hearing for the Debtors' plan was originally scheduled for July 6, 2011. It was then continued to Septem-

---

1. If the Trustee is correct, then the Court may not approve the plan. *See* 11 U.S.C. § 1325(b)(1)(B).

2. Form B 22C is used to calculate disposable net income. The form begins with income from all sources and then allows deductions for certain expenses. Included in the allowable deductions is a deduction for transportation expenses. Transportation expenses are listed on lines 27A, 27B, 28 and 29.

3. The model of the pickup truck was not specified on Schedule B.

4. Line 28 on Form B 22C contains a calculation: the IRS's Local Transportation Standards for Ownership Costs for the applicable census area—the average monthly payment of any debt on the vehicle = net ownership expense. Net ownership expense is what is listed on Line 28. The reason that the average monthly payment is subtracted from the IRS's Local Standards is because debt expenses are allowed as a separate deduction on Line 47 and 48 of Form B 22C. Therefore, if the Local Standards were not reduced by any applicable debt payments on Line 28, the debt payments would be deducted twice, leading to an inaccurate calculation of net disposable income.

5. Line 29 contains the same calculation as Line 28. See footnote 4 for an explanation of the calculation.

ber 7, 2011. At the September 7 hearing, confirmation was again continued, this time to October 5, 2011. At the October 5 hearing, the parties made it clear that they needed the Court's ruling in the matter currently before the court. The Debtors' submitted their brief in support of confirmation on November 11, 2011. The Trustee's Office filed its brief in support of its objection to confirmation on November 21, 2011.

### Discussion

The Debtors contend that they have properly taken a deduction on Line 27A in the amount of $688. The Debtors state in their brief that on Line 27A they "deducted the standard operating expense of $244 for each of two vehicles (the Kia and the truck), plus an additional $200 under the IRS guidelines because the truck is over 6 years old and has over 75,000 miles, for a total of $688."[6] The Chapter 13 Trustee argues that the additional "$200 old car deduction" is not authorized by the Bankruptcy Code, not supported by existing case law and not consistent with the applicable local standards of the United States Trustee. Therefore, as a threshold issue, this Court must decide whether a debtor can take an additional $200 deduction for an old car. Then, if necessary, the Court will need to the determine if the Debtors are entitled to such a deduction in this case.

The Debtors argue that the additional $200 deduction is supported by Internal Revenue Manual, Part 5, Chapter 8, Sec. 5.8.5.20.3(5) and that case law supports the deduction. The Debtors state:

The *IRS standards* allow the additional $200 expense for older cars pursuant to the Internal Revenue Manual, Part 5, Chapter 8, Sec. 5.8.5.20.3(5). *See In re Ransom*, 577 F.3d 1026, 1031 (9th Cir. 2009), aff'd *Ransom v. FIA Card Services, N.A.*, —— U.S. ——, 131 S.Ct. 716, 726, 178 L.Ed.2d 603 (2011), quoting *In re Carlin*, 348 B.R. 795 (Bankr.D.Or. 2006) ("Debtors who own old or high mileage cars 'free and clear,' are entitled to an extra $200 per month operating expense."); *In re Byrn*, 410 B.R. 642 (Bankr.D.Mont.2008); *In re Wilson*, 383 B.R. 729, 732 (8th Cir. BAP 2008); *In re Wenzel*, 415 B.R. 510 (Bankr.D.Kan. 2009); *In re Brown*, 376 B.R. 601, 608 (Bankr.S.D.Tex.2007).[7]

The quoted statement above and its string of citations merits examination. First, the IRS's Local and National standards are not equivalent to interpretive guidelines from the IRS's Internal Revenue Manual. The National and Local Standards referred to by Form B 22C are a subset of the Financial Analysis Handbook, which is a subset of the IRS's Internal Revenue Manual. *Ransom v. MBNA Am. Bank, N.A. (In re Ransom)*, 577 F.3d 1026, 1028 (9th Cir.2009). Therefore, the IRS's "standards" may allow a $200 old car deduction, however, the IRS's Local Transportation *Standards* that are referenced by Form B 22C do not allow for any such deduction. Second, the issue in *Ransom* was whether a debtor could take an ownership expense deduction for a car on which he had no loan or lease payments. Therefore, even though *Ransom* was affirmed by the Supreme Court, the dicta of the Ninth Circuit endorsing the $200 old car deduction is not dispositive. The Supreme Court in *Ransom* did not address the issue

---

**6.** *In re Sisler*, Br. in Supp. of Confirmation, page 2, November 02, 2011, ECF Docket No. 18.

**7.** *In re Sisler*, Br. in Supp. of Confirmation, page 3, November 02, 2011, ECF Docket No. 18 (emphasis added).

before this Court for determination. However, the holdings and reasoning of the *Ransom* decision provide clear direction to this Court as to the availability of the old car deduction to the debtors in this case. Finally, the string cite at the end of the Debtors' quoted excerpt above, only contains citations to opinions decided before the Supreme Court's guidance in *Ransom* as to the applicability of IRS guidelines contained outside of the Local and National Standards.

The Debtors analysis of the Supreme Court's opinion in *Ransom* relies on an interpretation made by the Bankruptcy Court for the District of Montana—that "the Supreme Court specifically determined that it was appropriate to look at the Internal Revenue Manual for guidance." [8] *See In re Baker*, No. 10–61317–13, 2011 WL 576851 (Bankr.D.Mont. Feb. 9, 2011). This Court believes that the *Baker* Court's interpretation misconstrues the Supreme Court's opinion in *Ransom*. In addition, the Debtors argument ignores the lack of statutory basis for the old car deduction, and fails to heed the weight of the case law subsequent to *Ransom* that makes clear that the IRS's Internal Revenue Manual is not incorporated into the Bankruptcy Code.[9]

*Lack of a Statutory Basis For the $200 Old Car Deduction*

Form B 22C references 11 U.S.C. § 707(b)(2) in its calculation of deductions. *See* Bankr.Off. Form B 22C.[10] The relevant part of 11 U.S.C. § 707(b)(2) defines monthly expenses, stating:

> The debtor's monthly expenses *shall be* the debtor's applicable monthly expense amounts specified under the *National Standards and Local Standards,* and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief, for the debtor, the dependents of the debtor, and the spouse of the debtor in a joint case, if the spouse is not otherwise a dependent. Such expenses shall include reasonably necessary health insurance, disability insurance, and health savings account expenses for the debtor, the spouse of the debtor, or the dependents of the debtor. Notwithstanding any other provision of this clause, the monthly expenses of the debtor shall not include any payments for debts.

11 U.S.C. § 707(b)(2)(A)(ii)(I) (emphasis added). The Internal Revenue Manual guidelines that the Debtors rely upon for their old car deduction are not referenced anywhere in the Bankruptcy Code, nor are the IRS Manual guidelines cited on any Official Bankruptcy Form.

*The Supreme Court's Guidance on using the Internal Revenue Manual via Ransom*

█] In *Ransom*, the Supreme Court dealt with the question of whether a debt-

---

**8.** *In re Sisler,* Br. in Supp. of Confirmation, page 3, November 02, 2011, ECF Docket No. 18.

**9.** Unless otherwise noted, references to the Internal Revenue Manual are to any guidance in the manual other than the Local and National Standards explicitly referenced on Form B 22C. The Court seeks to be clear on this point as the Local and National Standards are a subset of the Financial Analysis Handbook which is a subset of the IRS's Internal Revenue Manual.

**10.** Available at: http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/BK%20Forms%201210/B_22C_1210.pdf.

or can claim a deduction on Form B 22C for ownership expenses for a vehicle a debtor owns free and clear. See generally *Ransom*, 131 S.Ct. 716. In deciding that a debtor could not take a deduction for an expense that is not actually incurred, the Court focused on the word "applicable" as it appears in the first sentence of 11 U.S.C. § 707(b)(2)(A)(ii)(I)—"The debtor's monthly expenses shall be the debtor's *applicable* monthly expense amounts specified under the National Standards and Local Standards." *See Ransom*, 131 S.Ct. at 724 (quoting 11 U.S.C. § 707(b)(2)(A)(ii)(I)) (emphasis added). The Court found that a debtor could only claim a deduction listed under the National and Local Standards if it was applicable to the debtor. *Id.* The Court's discussion included explicit reference to the Collection Financial Standards section of the Internal Revenue Manual and the proper scope of reference to the Manual in analyzing Chapter 13 disposable income objections:

> The Collection Financial Standards—the IRS's explanatory guidelines to the National and Local Standards—explicitly recognize this distinction between ownership and operating costs, ... *Although the statute does not incorporate the IRS's guidelines, courts may consult this material in interpreting the National and Local Standards;* after all, the IRS uses those tables for a similar purpose—to determine how much money a delinquent taxpayer can afford to pay the Government. *The guidelines of course cannot control if they are at odds with the statutory language.* But here, the Collection Financial Standards' treatment of the car-ownership deduction *reinforces our conclusion that, under the statute,* a debtor seeking to claim this deduction must make some loan or lease payments.n7

n7 Because the dissent appears to misunderstand our use of the Collection Financial Standards, and because it may be important for future cases to be clear on this point, *we emphasize again that the statute does not "incorporat[e]" or otherwise "impor[t]" the IRS's guidance. Post,* at ——, ——, [131 S.Ct.] at 730, 732, 178 L.Ed.2d, at 618, 619 (opinion of Scalia, J.). The dissent questions what possible basis except incorporation could justify our consulting the IRS's view, post, at ——, n., [131 S.Ct.] at 732, 178 L.Ed.2d, at 619, but we think that basis obvious: The IRS creates the National and Local Standards referenced in the statute, revises them as it deems necessary, and uses them every day. The agency might, therefore, have something *insightful and persuasive (albeit not controlling)* to say about them.

*Ransom,* 131 S.Ct. at 726 (emphasis added). This language makes it abundantly clear that to reference the Internal Revenue Manual, a debtor must first find a statutory basis for a deduction in the National or Local Standards that needs to be interpreted. The Debtors seek to use the Internal Revenue Manual to create an otherwise unlisted deduction. To allow this would be to give the Internal Revenue Manual guidelines the same effect as the Bankruptcy Code. The Supreme Court's opinion in *Ransom* expressly states to the contrary.

### Case Law Post–Ransom

Since the *Ransom* decision was issued, there have been seven cases decided at the Bankruptcy Court level dealing with the $200 old car deduction. Of the seven cases, five of them reject the concept that the $200 old car deduction can be taken on Line 27A. *See e.g. In re VanDyke*, 450 B.R. 836, 843 (Bankr.C.D.Ill.2011); *In re Har-*

*gis,* 451 B.R. 174, 179 (Bankr.D.Utah 2011); *In re Wilhite,* 2011 WL 5902487, at *3, 2011 Bankr.LEXIS 4368, *7–8 (Bankr. N.D.Ga. Nov. 17, 2011); *In re Dittrich,* 2011 WL 3471090, *3–4, 2011 Bankr.LEXIS 3061, *9–10 (Bankr.W.D.Wash. Aug. 8, 2011); *In re Schultz,* 463 B.R. 492, 496– 97 (Bankr.W.D. Mo.2011). One of the two decided cases allowing the old car deduction, *In re Baker, supra,* allowed the $200 old car deduction because that court had a pre-*Ransom* decision that upheld the deduction and the Court could find no explicit statutory language disallowing the deduction. *See In re Baker,* 2011 WL 576851, at *3–4, 2011 Bankr.LEXIS 490, at *10. The only other post-Ransom case to support the $200 old car deduction was based on a denied motion for summary judgment and only approved of the $200 old car deduction in theory. *See In re Johnson,* 454 B.R. 882, 884 (Bankr. M.D.Fla.2011). The *Johnson* opinion explicitly states that the question to be answered was "do the Local Standards, as interpreted by the Collection Financial Standards, provide flexibility to allow an operating expense deduction for the Debtors' third car *under any factual circumstances* ?" *Id.* at 892 (emphasis added). The *Johnson* court was adamant that the Local Standards control the allowable deduction amount for transportation, stating:

(1) That "[t]he text of section 707(b) requires that set amounts—that is, [the] Local Standards as set forth in the IRS Table—be used for various types of expenses, such as transportation expenses;" and

(2) That "*In re Thief* and *In re Prestwood* stand for the same proposition: that is, that debtors may only claim the standard allowance contained in the IRS Table, rather than actual expenses. This Court certainly concurs with this conclusion."

This Court finds that the $200 old car deduction may not be taken on Line 27A of Form B 22C.

### Conclusion

This Court concludes that the there is no statutory basis for additional transportation expenses to be taken on Line 27A of Form B 22C. Similarly, the Court holds that the Supreme Court's guidance in *Ransom* and the weight of current case law support this conclusion. Therefore, Debtors' plan cannot be confirmed because the Debtors' transportation expense listed on Line 27A is improper. Accordingly it is,

### ORDERED

That the Debtors' request for confirmation of their plan is **DENIED**.