FILED

APR 09 2014

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**ORDERED PUBLISHED**

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: ) | BAP No.   MT-13-1313-KuPaJu |
| ) | |
| MICHAEL J. LUEDTKE and ) | Bk. No.   13-60098 |
| KATHERINE L. LUEDTKE, ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | |
| ROBERT G. DRUMMOND, Chapter 13 ) | |
| Trustee, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | **OPINION** |
| ) | |
| MICHAEL J. LUEDTKE; KATHERINE ) | |
| L. LUEDTKE, ) | |
| ) | |
| Appellees. ) | |
| _____ ) | |

Argued and Submitted on March 20, 2014
at Pasadena, California

Filed – April 9, 2014

Appeal from the United States Bankruptcy Court
for the District of Montana

Honorable Ralph B. Kirscher, Chief Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Robert G. Drummond, Chapter 13 Trustee,
Pro Se; Edward Albert Murphy of Murphy Law
Offices, PLLC, for Appellees Michael J. Luedtke
and Katherine L. Luedtke

_____

Before: KURTZ, PAPPAS and JURY, Bankruptcy Judges.

KURTZ, Bankruptcy Judge:

**INTRODUCTION**

Robert G. Drummond, chapter 13[1] Trustee, objected to confirmation of Michael and Katherine Luedtkes' chapter 13 plan because, in calculating their disposable income for purposes of § 1325(b), the Luedtkes claimed as part of their monthly transportation expenses a $200 "older vehicle operating expense." According to the trustee, this older vehicle operating expense is not part of the Internal Revenue Service's ("IRS's") National Standards and Local Standards, which generally control what expenses above-median-income debtors may claim, and there was no other permissible basis for the Luedtkes to claim this expense.

The bankruptcy court overruled the trustee's objection and confirmed the Luedtkes' chapter 13 plan. The trustee has appealed, contending that the court erred when it permitted the debtors to claim the older vehicle operating expense.

Because we agree with the trustee that above-median-income debtors cannot claim the $200 older vehicle operating expense, we REVERSE and REMAND for further proceedings.

**FACTS**

The Luedtkes commenced their chapter 13 case in January 2013 and filed their proposed chapter 13 plan in February 2013. To fund their plan, the Luedtkes proposed to make payments of $150 per month for sixty months. The trustee objected to the Luedtkes' proposed plan on the sole ground that, in calculating their disposable income, the Luedtkes claimed not only the $472

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

2

standard vehicle operating expense allowed for above-median-income Montana debtors with two or more cars, but also an additional $200 "older vehicle operating expense." Because the Luedtkes improperly claimed the older vehicle operating expense, the trustee asserted, they had understated their disposable income by $200 per month and, hence, they had failed to commit all of their projected disposable income to fund their plan payments, as required by § 1325(b)(1)(B).

In their response to the trustee's objection, the Luedtkes pointed out that one of their two automobiles was a 1993 Ford Taurus with 118,000 miles on the odometer. As a result, the Luedtkes argued, they were entitled to claim the older vehicle operating expense, in accordance with Chapter 8 of Part 5 of the IRS's Internal Revenue Manual ("IRM"). Chapter 8 sets forth the procedures IRS collection employees are directed "to follow when considering a taxpayer's proposal to compromise" tax liability. IRM 5.8.1.1 (2013). Part 5, Chapter 8, Section 5, of the IRM explains how IRS collection employees should analyze a taxpayers' financial condition for purposes of considering a taxpayer's compromise offer. See IRM 5.8.4.3 (2013). In relevant part, this section of the IRM provides that, when a taxpayer owns an automobile that is over six years old, or has mileage of at least 75,000 miles, "an additional monthly operating expense of $200 will generally be allowed . . . ." IRM 5.8.5.22.3 (2013).

A person unfamiliar with the Bankruptcy Code, and

specifically with the 2005 amendments thereto,[2] might be wondering why the IRM, an internal IRS procedures manual, has any relevance to the resolution of an issue regarding the Luedtkes' disposable income for chapter 13 plan confirmation purposes. A short answer will suffice. Before the enactment of the 2005 Bankruptcy Code amendments, bankruptcy courts enjoyed a significant degree of discretion in determining what expenses should be considered reasonably necessary for chapter 13 plan confirmation purposes. See Drummond v. Welsh (In re Welsh), 711 F.3d 1120, 1130 (9th Cir. 2013). However, for above-median-income debtors, the Bankruptcy Code as amended in 2005 constrains bankruptcy court discretion on this issue by tying the determination of reasonably necessary expenses for chapter 13 plan confirmation purposes to specific benchmarks, in relevant part as follows:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief . . . .

§ 707(b)(2)(A)(ii)(I) (emphasis added); see also § 1325(b). In short, the National Standards and Local Standards issued by the IRS, also known as the IRS's "Collection Financial Standards" and as the "Allowable Living Expense (ALE) Standards," see IRM 5.15.1.1 (2012) & 5.15.1.7 (2012), now largely control the

---

[2]The 2005 amendments are more formally known as the Bankruptcy Abuse Prevention and Consumer protection Act of 2005, Pub.L. 109-8, April 20, 2005, 119 Stat. 23 ("BAPCPA").

4

determination of what are reasonably necessary expenses for above-median-income debtors seeking to confirm chapter 13 plans.

While they claim an older vehicle operating expense, the Luedtkes concede that it is not to be found in the IRS's Financial Analysis Handbook (IRM 5.15.1), the portion of the IRM which identifies, describes and interprets the IRS's National Standards and Local Standards. See IRM 5.15.1.1, 5.15.1.7 - 5.15.1.10 (2012). As described in the Financial Analysis Handbook, the National Standards and Local Standards consist of expense tables that guide IRS revenue officers to assist them in determining the financial condition of delinquent taxpayers, which in turn is meant to facilitate their performance of all of the collections procedures set forth in Part 5 of the IRM. See IRM 5.15.1.

Even though the older vehicle operating expense is not mentioned in the National Standards, the Local Standards or in the Financial Analysis Handbook, the Luedtkes assert that a broad interpretation of the phrase "National Standards and Local Standards . . . issued by the Internal Revenue Service" contained in § 707(b)(2)(A)(ii)(I) should include the older vehicle operating expense.

The bankruptcy court agreed with the Luedtkes. The bankruptcy court in essence held that the "use and incorporation" of IRM Chapter 8 into the Collection Financial Standards, particularly Chapter 8's $200 older vehicle operating expense, was "not at odds" with § 707(b)(2)(A)(ii)(I) and that the older vehicle operating expense should be considered part of the IRS's Collection Financial Standards. The bankruptcy court explained

5

that its holding was a logical extension of the reasoning set forth in two Supreme Court cases, Ransom v. FIA Card Servs., N.A., 131 S.Ct. 716 (2011), and Hamilton v. Lanning, 560 U.S. 505 (2010). The bankruptcy court further explained that its holding also was consistent with statements made in Ransom v. MBNA Am. Bank, N.A. (In re Ransom), 380 B.R. 799, 808 (9th Cir. BAP 2007), aff'd and partially adopted 577 F.3d 1026, 1031 (9th Cir. 2009), aff'd 131 S.Ct. 716, regarding the general propriety of older vehicle operating expense claims when determining the disposable income of chapter 13 debtors.

On June 17, 2013, the bankruptcy court entered an order overruling the trustee's objection and a separate order confirming the Luedtkes' chapter 13 plan. On July 1, 2013, the trustee timely filed a notice of appeal.[3]

---

[3]While the trustee's notice of appeal only explicitly referenced the order overruling his objection, all of the trustee's submissions in this appeal make it clear that he also is challenging the confirmation order entered on the same date. Because we interpret notices of appeal liberally and because the Luedtkes have not been prejudiced or mislead by the contents of the trustee's notice of appeal, we will construe the notice of appeal as covering both orders. See Greenpoint Mortg. Funding, Inc. v. Herrera (In re Herrera), 422 B.R. 698, 708 (9th Cir. BAP 2010), aff'd & adopted sub nom. Home Funds Direct v. Monroy (In re Monroy), 650 F.3d 1300 (9th Cir. 2011) (citing Munoz v. Small Bus. Admin., 644 F.2d 1361, 1364 (9th Cir. 1981)); see also United States v. Arkison (In re Cascade Rds.), 34 F.3d 756, 761-62 (9th Cir. 1994).

In fact, while the bankruptcy court's order confirming the Luedtkes' chapter 13 plan was a final and appealable order, see United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269 (2010), its order overruling the trustee's plan objection was an interlocutory order because that order did not by itself fully and finally resolve the discrete issue before the bankruptcy

continue...

6

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(L). We have jurisdiction under 28 U.S.C. § 158.

## ISSUE

Did the bankruptcy court err when it held that the older vehicle operating expense should be considered part of the IRS's Collection Financial Standards for purposes of determining chapter 13 debtors' disposable income?

## STANDARD OF REVIEW

The sole issue on appeal requires us to interpret the Bankruptcy Code, which is a question of law we consider de novo. See Samson v. W. Capital Partners (In re Blixseth), 454 B.R. 92, 96 (9th Cir. BAP 2011), aff'd & adopted 684 F.3d 865 (9th Cir. 2012).

## DISCUSSION

**1. Overview**

When the trustee or an unsecured creditor objects to a proposed chapter 13 plan, the bankruptcy court may not confirm that plan unless the plan will pay the objecting creditor in full or all of the debtors' "projected disposable income" will be

---

[3]...continue
court – whether the Luedtkes' proposed plan should be confirmed. See generally Rosson v. Fitzgerald (In re Rosson), 545 F.3d 764, 769 (9th Cir. 2008). Nor would this order by itself have seriously affected the interests the trustee represents. See id. at 769-70. As an interlocutory order leading up to the bankruptcy court's confirmation order, the order overruling the trustee's objection merged into the confirmation order for appealability purposes. See Giesbrecht v. Fitzgerald (In re Giesbrecht), 429 B.R. 682, 687 (9th Cir. BAP 2010).

committed to the payment of the debtors' unsecured creditors during the course of the plan. See § 1325(b)(1). The debtors have the burden of proof on all plan confirmation issues. Drummond v. Welsh (In re Welsh), 465 B.R. 843, 847 (9th Cir. BAP 2012), aff'd 711 F.3d 1120 (2013).

To determine their projected disposable income, the debtors must first calculate their "disposable income," which term is defined in the Bankruptcy Code as generally meaning the debtors' current monthly income, less their reasonably necessary expenses. See § 1325(b)(2). As indicated above, prior to BAPCPA, the Bankruptcy Code afforded bankruptcy courts with substantial discretion in determining debtors' reasonably necessary expenses in accordance with the particular circumstances presented in each case. See In re Welsh, 711 F.3d at 1130. But BAPCPA replaced this discretion with the "means test" – a formulaic and mechanical method of assessing debtors' ability to pay. See id. The means test is set forth in § 707(b)(2)(A)(ii) and is made applicable to above-median-income debtors seeking to confirm chapter 13 plans by § 1325(b)(3). In relevant part, the means test provides:

> The debtor's monthly expenses shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides, as in effect on the date of the order for relief . . . .

§ 707(b)(2)(A)(ii)(I).

The National Standards and Local Standards referenced in the statute are "tables that the IRS prepares listing standardized

8

expense amounts for basic necessities." See Ransom, 131 S.Ct. at 722. These standards largely control which expenses are considered reasonably necessary and, hence, may be subtracted from current monthly income in order to calculate the disposable income of above-median-income debtors. See id.; see also In re Welsh, 711 F.3d at 1130.

**2. Allowance Of The Older Vehicle Operating Expense In Calculating Disposable Income**

There is substantial disagreement among courts regarding whether the older vehicle operating expense should be allowed in calculating the disposable income of above-median-income debtors. Some courts have said that it can be allowed.[4] Others have disagreed.[5]

We believe that the plain meaning of the language in § 707(b)(2)(A)(ii)(I) controls the resolution of this issue. The statutory text dictates that debtors' monthly expenses under the means test "shall be the debtor's applicable monthly expense amounts specified under the National Standards and Local

---

[4]See, e.g., Babin v. Wilson (In re Wilson), 383 B.R. 729, 734 (8th Cir. BAP 2008) (citing In re Ransom, 380 B.R. at 808); In re Byrn, 410 B.R. 642, 650 (Bankr. D. Mont. 2008); In re Howell, 366 B.R. 153, 158 (Bankr. D. Kan. 2007); In re Slusher, 359 B.R. 290, 310 (Bankr. D. Nev. 2007); In re McGuire, 342 B.R. 608, 613-14 (Bankr. W.D. Mo. 2006); In re Oliver, 350 B.R. 294, 301 (Bankr. W.D. Tex. 2006); In re Carlin, 348 B.R. 795, 798 (Bankr. D. Or. 2006); In re Barraza, 346 B.R. 724, 729 (Bankr. N.D. Tex. 2006).

[5]See, e.g., In re Sisler, 464 B.R. 705, 708-10 (Bankr. W.D. Va. 2012); In re Schultz, 463 B.R. 492, 498 (Bankr. W.D. Mo. 2011); In re Hargis, 451 B.R. 174, 178 (Bankr. D. Utah 2011); In re VanDyke, 450 B.R. 836, 843 (Bankr. C.D. Ill. 2011); In re May, 390 B.R. 338, 349 n.13 (Bankr. S.D. Ohio 2008).

9

Standards . . . issued by the Internal Revenue Service." Because the Bankruptcy Code does not explain or define what constitutes the IRS's National Standards and Local Standards, we necessarily must look at what the IRS has to say about the standards in the IRS's Financial Analysis Handbook, IRM Part 5, Chapter 15, Section 1, in order to determine whether the older vehicle operating expense is included within those standards.

The older vehicle operating expense is not set forth in the expense amount schedules identified in the IRS's Financial Analysis Handbook as the IRS's National and Local Standards. Nor is it otherwise mentioned in the Financial Analysis Handbook, which identifies, describes and interprets the National Standards and Local Standards. Instead, the older vehicle operating expense is mentioned only in IRM Part 5, Chapter 8, which deals with compromise proposals received from delinquent taxpayers. While Chapter 8 explicitly references, incorporates and applies the procedures set forth in Chapter 15, see IRM 5.8.5.1 (2008), this incorporation is not reciprocal. Nowhere in the Financial Analysis Handbook, IRM Part 5, Chapter 15, Section 1, is there a general incorporation of the procedures and policies set forth in Chapter 8. Nor did we find any specific reference, incorporation or application of the older vehicle operating expense in the Financial Analysis Handbook.

Accordingly, because the older vehicle operating expense is not set forth or referenced in the National Standards, in the Local Standards, or in the IRM commentary identifying and interpreting those standards, it was improper for the bankruptcy court to allow the older vehicle operating expense for purposes

10

of calculating the Luedtkes' disposable income.

If Congress had meant for bankruptcy courts to consider the entirety of IRS policy and procedure in determining which expenses should be considered reasonably necessary for disposable income purposes, Congress could have provided in the Code that a debtor's monthly expenses shall be determined in the same manner that IRS collection employees determine allowable expenses for purposes of assessing a delinquent taxpayer's ability to pay, or something along those lines. Instead, § 707(b)(2)(A)(ii)(I) focuses exclusively on the National Standards and Local Standards. Thus, anything beyond those standards, and the IRS's interpretation of those standards, is at odds with the Bankruptcy Code.[6]

---

[6]In September 2013, the IRS revised the IRM section containing the older vehicle operating expense and renumbered most of that section. The version of the older vehicle operating expense in effect at the time of the Luedtkes' bankruptcy filing, IRM 5.8.5.20.3 (2012), was worded somewhat differently than the current version of this expense, IRM 5.8.5.22.3 (2013), cited earlier in this decision. Furthermore, other bankruptcy decisions discussing the older vehicle operating expense, cited <u>supra</u> at nn. 4 & 5, indicate that this expense formerly was set forth in yet other subsections of chapter 8, and once again with different wording. See, e.g., <u>In re May</u>, 390 B.R. 338, 349 n.13 (Bankr. S.D. Ohio 2008).

The changes over time to the older vehicle operating expense highlight another concern we have with the bankruptcy court's decision to look beyond the National Standards, the Local Standards and the Financial Analysis Handbook in deciding whether to allow the older vehicle operating expense. The entirety of the IRM is subject to frequent change, without advance notice and at the sole discretion of the IRS. <u>See</u> Keith M. Lundin & William H. Brown, CHAPTER 13 BANKRUPTCY, 4th Edition, § 476.1, at ¶¶ 15-21, (Sec. Rev. May 24, 2011, www.Ch13online.com). Thus, the broader the amount of IRS policy and procedure that is considered

continue...

11

### 3.    The Supreme Court's __Ransom__ Decision

The bankruptcy court reasoned that its holding was consistent with __Ransom__, 131 S.Ct. 716.  We disagree.  __Ransom__ held that above-median income debtors cannot claim automobile ownership expenses in the form of lease or loan payments, even though such expenses are included in the IRS's Collection Financial Standards, when the debtors actually own their automobiles free and clear of any lease or loan obligations.  __Id.__ at 725-26.  According to __Ransom__, its holding necessarily and logically followed from the plain meaning of the word "applicable" as used in § 707(b)(2)(A)(ii)(I).  __Id.__ at 724.

__Ransom__ further stated that its holding was bolstered by the IRM's interpretation of the National Standards and the Local Standards.  __Id.__ at 726.  In support of this point, and several other times in its analysis, __Ransom__ cited to and relied upon language from the IRS's Financial Analysis Handbook, IRM Part 5, Chapter 15, Section 1.  __See, e.g.__, __Ransom__, 131 S.Ct. at 725-26.  __Ransom__ further stated that consideration of the IRS's own guidelines for interpreting the National Standards and the Local Standards could be persuasive (but not controlling) authority for determining how bankruptcy courts should apply the National Standards and Local Standards in the process of calculating disposable income, so long as those guidelines were not at odds with the Bankruptcy Code.  __See id.__ at 726 & n.7.  __Ransom__ went on

---

[6]...continue
relevant or persuasive in determining what constitutes disposable income, the more in flux bankruptcy court decisions will be, as the IRS from time to time alters its policies and procedures.

12

to quote, with approval, the dissenting opinion in <u>Hildebrand v. Kimbro (In re Kimbro)</u>, 389 B.R. 518, 533 (6th Cir. BAP 2008) (Fulton, J., dissenting), where it was observed that: "one cannot really 'just look up' dollar amounts in the tables without either referring to IRS guidelines for using the tables or imposing pre-existing assumptions about how [they] are to be navigated."

Thus, <u>Ransom</u> instructs that the Financial Analysis Handbook, IRM Part 5, Chapter 15, Section 1, may be relevant and even persuasive authority to the extent it helps interpret the National Standards and Local Standards and to the extent it does not conflict with the Bankruptcy Code. But nothing in <u>Ransom</u> supports the proposition that bankruptcy courts may look to other aspects of IRS policy and procedure in order to interpret <u>and supplement</u> the National Standards and Local Standards. Once again, we reiterate that the older vehicle operating expense is not part of those standards nor is it referenced in the Financial Analysis Handbook, which identifies, describes and interprets these standards. Rather, the older vehicle operating expense is an <u>additional expense</u> that IRS collection employees may consider in the process of assessing a taxpayer's offer to compromise delinquent tax liability. <u>See</u> IRM 5.8.4.3, 5.8.5.22.3 (2013).

In sum, the Supreme Court's <u>Ransom</u> decision does not support the allowance of the older vehicle operating expense in calculating disposable income.

**4.  <u>Hamilton v. Lanning</u>**

Nor is there anything in the Supreme Court's decision in <u>Hamilton v. Lanning</u>, 560 U.S. 505, to support this allowance either. <u>Hamilton</u> held that, notwithstanding the mechanical and

13

formulaic nature of the disposable income calculation under § 1325(b)(2) and (3), bankruptcy courts have discretion to consider "known or virtually certain changes" in the debtor's income and expenses when determining projected disposable income under § 1325(b)(1). See id. at 520, 524.

The older vehicle operating expense is not a known or virtually certain change in the Luedtkes' expenses. It is merely a fixed expense allowance that IRS collection employees may consider permitting delinquent taxpayers to claim when weighing compromise offers. The Luedtkes presented no evidence that would have permitted the bankruptcy court to infer that the Luedtkes had actually incurred or were virtually certain to incur a change in their transportation expenses as a result of the age or mileage of their Ford Taurus. Their argument for allowance of the older vehicle operating expense rested solely on the contents of IRM Part 5, Chapter 8, and on the fact that they owned an older, high-mileage car. In other words, on this record, unlike in Hamilton, there is no evidence of an actual or virtually certain change in the Luedtkes' financial condition that would have permitted the bankruptcy court to "project" the $200 older vehicle operating expense as an additional expense of the Luedtkes; rather, the bankruptcy court's allowance of this expense was nothing more nor less than an unwarranted modification of the expense amounts set forth in the IRS's Collection Financial Standards.

**5.    This Panel's Ransom Decision**

The bankruptcy court finally attempted to support its allowance of the older vehicle operating expense by relying upon

14

the following from this Panel's decision in In re Ransom:

> Numerous safeguards are in place to protect both debtors and creditors. Debtors who own old or high mileage cars "free and clear," are entitled to an extra $200 per month operating expense. Also, a "free and clear" owner is not "stuck" with the vehicle operating expenses allowed under the IRS Standards. Section 707(b)(2)(B) is also available for "above the median" Chapter 13 debtors. Section 707(b)(2)(B), allows additional expenses based on "special circumstances."

380 B.R. at 808 (emphasis added) (quoting In re Carlin, 348 B.R. 795, 798 (Bankr. D. Or. 2006)). Even though this portion of our Ransom decision later was adopted by the Ninth Circuit Court of Appeals, and even though the passage suggests that bankruptcy courts should allow the older vehicle operating expense, we are not bound by this language. The comments regarding the older vehicle operating expense were not necessary to the determination of the issue on appeal in that case – whether the debtor was entitled to claim vehicle ownership expenses when he owned the subject vehicle free and clear of any loan or lease obligations. Furthermore, the Panel's opinion did not analyze the issue presented in this appeal, nor did it consider the contrary positions taken by courts considering this issue. Under these circumstances, the rule of stare decisis does not require us to follow the comments in Ransom regarding the older vehicle operating expense, and we decline to do so. See Yarnall v. Martinez (In re Martinez), 418 B.R. 347, 354 & n.12 (9th Cir. BAP 2009).

Based upon our statutory analysis, set forth above, we conclude that allowance of the older vehicle operating expense is at odds with § 707(b)(2)(A)(ii)(I).

**CONCLUSION**

For the reasons set forth above, we REVERSE the bankruptcy court's order overruling the trustee's plan confirmation objection and its order confirming the Luedtkes' chapter 13 plan, and we REMAND for further proceedings consistent with this decision.